Schuyler G. Carroll
**PERKINS COIE LLP**
30 Rockefeller Center, 22nd Floor
New York, NY  10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649
SCarroll@perkinscoie.com

Attorneys for David Schellhardt and Robert Baker

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------- X
IN RE:                                                        :        Case No. 8-13-72251-dte

OAK ROCK FINANCIAL, LLC,                  :

                                                                           Case No.: Chapter 11
                                 Debtor                     :


                                                                  :


                                                                  :
-------------------------------------- X
OAK ROCK FINANCIAL, LLC,                  Adversary Proceeding No. 8-13-08103-reg

                          Plaintiff,

                 v.
ISRAEL DISCOUNT BANK OF NEW YORK,
AS AGENT, ROSE MCGEEVER, THE
BROWN FAMILY GROUP, LLC, ALAN
GUBER, DAVID SCHELLHARDT, and
ROBERT BAKER,

                          Defendants.
-------------------------------------- X


**DEFENDANTS DAVID SCHELLHARDT AND ROBERT BAKER'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO DEBTOR'S COMPLAINT**
<u>**SEEKING DECLARATORY RELIEF AND TURNOVER**</u>

David Schellhardt ("Schellhardt") and Robert Baker ("Baker," and together with

Schellhardt, the "Participants"), by and through their attorneys, Perkins Coie LLP, for their

answer to the Complaint Seeking Declaratory Relief and Turnover ("Complaint") initiating this proceeding ("Proceeding"), filed by Oak Rock Financial, LLC ("Oak Rock"), answer as follows:

1.      The Participants admit that they claim an interest in a portion of the loan from Oak Rock Financial, LLC ("Debtor") to Merchants Advance, LLC (the "Loan"), and the proceeds therefrom (the "Loan Proceeds").  Except as expressly admitted, Participants deny the allegations in paragraph 1.

2.      Paragraph 2 contains conclusions of law and allegations of Debtor's intent, to which no answer is required.  To the extent, an answer may be required, Participants deny these allegations.

3.      Participants are without sufficient information to admit or deny the allegations in paragraph 3 and on that basis deny these allegations.

4.      The docket and documents on file with this Court (collectively, the "Records") speak for themselves with respect to the matters stated in paragraph 4.  Participants deny any allegations in paragraph 4 that are inconsistent with the Records.

5.      The Records speak for themselves with respect to the matters stated in paragraph 5.  Participants deny any allegations in paragraph 5 that are inconsistent with the Records.

6.      The Records speak for themselves with respect to the matters stated in paragraph 6.  Participants deny any allegations in paragraph 6 that are inconsistent with the Records.

7.      Participants are without sufficient information to admit or deny the allegations in paragraph 7 and on that basis deny these allegations.

8.      Paragraph 8 is not directed at Participants and therefore no answer is required.  To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 8 and on that basis deny these allegations.

9.      Paragraph 9 is not directed at Participants and therefore no answer is required.  To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 9 and on that basis deny these allegations.

110018-0001/LEGAL27412771.3

10.     Paragraph 10 is not directed at Participants and therefore no answer is required. To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 10 and on that basis deny these allegations.

11.     Participants admit the allegations in paragraph 11.

12.     Participants admit the allegations in paragraph 12.

13.     Participants admit the allegations in paragraph 13.

14.     Participants admit the allegations in paragraph 14.

15.     Participants admit the allegations in paragraph 15.

16.     Participants are without sufficient information to admit or deny the allegations in paragraph 16 and on that basis deny these allegations.

17.     Participants admit that they purchased a participation in the Loan from Debtor. Except as expressly admitted, Participants are without sufficient information to admit or deny the allegations in paragraph 17 and on that basis deny these allegations.

18.     Participants admit the allegations in paragraph 18.

19.     Participants are without sufficient information to admit or deny the allegations in paragraph 19 and on that basis deny these allegations.

20.     Participants are without sufficient information to admit or deny the allegations in paragraph 20 and on that basis deny these allegations.

21.     Participants are without sufficient information to admit or deny the allegations in paragraph 21 and on that basis deny these allegations.

22.     Participants are without sufficient information to admit or deny the allegations in paragraph 22 and on that basis deny these allegations.

23.     Participants are without sufficient information to admit or deny the allegations in paragraph 23 and on that basis deny these allegations.

24.     The documents referred to in paragraph 24 speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 24 that are inconsistent with the documents referenced therein.

25.     The documents referred to in paragraph 25 speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 25 that are inconsistent with the documents referenced therein.

26.     The documents referred to in paragraph 26 speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 26 that are inconsistent with the documents referenced therein.

27.     The documents referred to in paragraph 27 speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 27 that are inconsistent with the documents referenced therein.

28.     The documents referred to in paragraph 28 speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 28 that are inconsistent with the documents referenced therein.

29.     Paragraph 29 is not directed at Participants and therefore no answer is required. To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 29 and on that basis deny these allegations.

30.     Paragraph 30 is not directed at Participants and therefore no answer is required. To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 30 and on that basis deny these allegations.

31.     Paragraph 31 is not directed at Participants and therefore no answer is required. To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 31 and on that basis deny these allegations.

32.     Participants admit the allegations in paragraph 32.

33.     Participants admit the allegations in paragraph 33.

34.     Participants admit that the "Participation Agreements" which Schellhardt and Baker entered into are similar to each other.  Except as expressly admitted, Participants are without sufficient information to admit or deny the allegations in paragraph 34 and on that basis deny these allegations.

35.     The Participation Agreements speak for themselves with respect to the matters stated in paragraph 35.  Participants deny any allegations in paragraph 35 that are inconsistent with the Participation Agreements.

36.     Paragraph 36 contains conclusions of law to which no answer is required.  The Participation Agreements speak for themselves with respect to the matters stated in paragraph 36. Participants deny any allegations in paragraph 36 that are inconsistent with the Participation Agreements.

37.     Paragraph 37 contains conclusions of law to which no answer is required.  The Participation Agreements speak for themselves with respect to the matters stated in paragraph 37. Participants deny any allegations in paragraph 37 that are inconsistent with the Participation Agreements.

38.     Paragraph 38 contains conclusions of law to which no answer is required.  The Participation Agreements speak for themselves with respect to the matters stated in paragraph 38. Participants deny any allegations in paragraph 38 that are inconsistent with the Participation Agreements.

39.     The Participation Agreements speak for themselves with respect to the matters stated in paragraph 39.  Participants deny any allegations in paragraph 39 that are inconsistent with the Participation Agreements.

40.     Participants are without sufficient information to admit or deny the allegations in paragraph 40 and on that basis deny these allegations.

110018-0001/LEGAL27412771.3

41.　　Participants are without sufficient information to admit or deny the allegations in paragraph 41 and on that basis deny these allegations.

42.　　Participants deny the allegations in paragraph 42.

43.　　Paragraph 43 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

44.　　Paragraph 44 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

45.　　Participants admit the allegations in paragraph 45.

46.　　Paragraph 46 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

47.　　Paragraph 47 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

48.　　The Participants' pleadings and papers filed in this case speak for themselves with respect to the matters stated in this paragraph.  Participants deny any allegations in paragraph 48 that are inconsistent with the Participants' pleadings and papers.

49.　　Paragraph 49 is not directed at Participants and therefore no answer is required. To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 49 and on that basis deny these allegations.

50.　　Participants admit the allegations in paragraph 50.

51.　　Participants admit the allegations in paragraph 51.

52.　　Participants repeat and reallege the answers set forth in paragraph 1 through 51 as if set forth fully herein.

53.　　Participants deny the allegations in paragraph 53.

54.　　Participants deny the allegations in paragraph 54.

55.　　Participants deny the allegations in paragraph 55.

110018-0001/LEGAL27412771.3

56.     Participants repeat and reallege the answers set forth in paragraph 1 through 55 as if set forth fully herein.

57.     Participants admit the allegations in paragraph 57.

58.     Paragraph 58 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

59.     Paragraph 59 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants deny these allegations.

60.     Participants are without sufficient information to admit or deny the allegations in paragraph 60 and on that basis deny these allegations.

61.     Participants are without sufficient information to admit or deny the allegations in paragraph 61 and on that basis deny these allegations.

62.     Participants are without sufficient information to admit or deny the allegations in paragraph 22 and on that basis deny these allegations.

63.     Participants deny the allegations in paragraph 63.

64.     Paragraph 64 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 64 and on that basis deny these allegations.

65.     Participants are without sufficient information to admit or deny the allegations in paragraph 65, but Participation Agreements speak for themselves and on that basis Participants deny any allegations in paragraph 65 that are inconsistent with the Participation Agreements.

66.     Participants are without sufficient information to admit or deny the allegations in paragraph 66 and on that basis deny these allegations.

67.     Participants are without sufficient information to admit or deny the allegations in paragraph 67 and on that basis deny these allegations.

68.     Paragraph 68 contains conclusions of law to which no answer is required.  To the extent, however, an answer may be required, Participants are without sufficient information to admit or deny the allegations in paragraph 68 and on that basis deny these allegations.

-7-

69.     Participants are without sufficient information to admit or deny the allegations in paragraph 69 and on that basis deny these allegations.

## AFFIRMATIVE DEFENSES

70.     Debtor is estopped from challenging the validity of the Participation Agreements.

71.     Debtor's claims are barred by laches.

72.     Upon information and belief, there are other persons or entities that hold or may hold participation interests in the Loan.  Debtor has not named all such holders, and in their absence, the Court cannot accord complete relief among the existing parties.

73.     Debtor is not entitled to the relief sought because under the circumstances applicable law makes clear that the Participants are entitled to judgment finding and determining that the Disputed Collateral (as defined in the Complaint) is not property of the estate, and the Participants hold and own their respective interests in the Loan (the "Participation Interests"), free and clear of any lien, claim or other interest.

## FIRST COUNTERCLAIM
### (Declaratory Judgment)

74.     Participants repeat and reallege the answers set forth in paragraphs 1 through 73as if set forth fully herein.

75.     In connection with Participants' purchase of the Participation Interests, Participants advanced money to Debtor.

76.     Debtor did not guarantee repayment of the funds advanced by Participants.

77.     Participants' rights to payment under the Participation Agreements do not arise until Debtor receives payments from the Loan borrower.

78.     Debtor can seek legal recourse against the borrower under the Loan, but Participants cannot.

79.     The Participation Agreements evidence the Participants' and Debtor's true intent, and therefore create true participation interests in favor of Participants.

80.     Debtor held legal, but not equitable title to the Participation Interests.

-8-

81.     The Participation Interests are not property of Debtor's bankruptcy estate.

82.     By reason of the foregoing, the Participants are entitled to judgment declaring that the Disputed Collateral, and all products, proceeds and revenue derived therefrom, are not property of the estate, that the Participation Interests are true participation interests and the Participants hold and own the Participation Interests free and clear of any lien, claim or other interest.

## SECOND COUNTERCLAIM
### (Turnover; 11 U.S.C. § 363(j))

83.     Participants repeat and reallege the answers set forth in paragraphs 1 through 82 as if set forth fully herein.

84.     By virtue of their Participation Interests, the Participants held undivided ownership interests in the Loan as tenants in common.

85.     On or about June 28, the Debtor, pursuant to an order of this Court, sold the Loan.

86.     Pursuant to 11 U.S.C. § 363(j), a debtor-in-possession must, upon selling property in which the Debtor had an undivided interest as a tenant in common, distribute the proceeds (less costs and expenses of sale) among the various co-owners, according to their respective ownership interests.

87.     The Debtor has not distributed any sale proceeds to the Participants.

88.     By reason of the foregoing, the Participants are entitled to judgment declaring that the Disputed Collateral, and all products, proceeds and revenue derived therefrom, are not property of the estate; declaring that the Participation Interests are true participation interests and that the Participants hold and own the Participation Interests free and clear of any lien, claim or other interest; and ordering Debtor to turnover to Participants the Loan Proceeds to which they are entitled.

-9-

**THIRD COUNTERCLAIM**
**(Accounting)**

89.    Participants repeat and reallege the answers set forth in paragraphs 1 through 88 as if set forth fully herein.

90.    Under the terms of the Participation Agreements, Debtor is obligated to hold Participants' funds "as trustee" and provide Participants with "periodical accountings" of the Participation Interests.

91.    By virtue of Debtor's status as a trustee of Participants' funds, Debtor is obligated to provide Participants with a complete accounting of all transactions concerning the Participation Interests.

92.    Debtor has failed to provide Participants with an adequate accounting of the Participation Interests.

93.    Absent a full accounting by Debtor of the Participation Interests, Participants will suffer irreparable harm.

94.    By reason of the foregoing, Participants are entitled to a full accounting with respect to their Participation Interests.

**FOURTH COUNTERCLAIM**
**(Constructive Trust and Unjust Enrichment)**

95.    Participants repeat and reallege the answers set forth in paragraphs 1 through 94 as if set forth fully herein.

96.    The Participation Interests are not property of the Debtor's bankruptcy estate, but rather are property of Participants.

97.    Debtor has failed to turn over the Loan Proceeds due to Participants.

98.    Upon information and belief, Debtor has used or intends to use the Loan Proceeds for purposes that have not been authorized by Plaintiffs, including the payment of Debtor's expenses and the servicing of other loans in which Participants do not have any participation interest.

-10-

99.    It would be inequitable and unjust to permit Debtor to retain any portion of the Loan Proceeds.

100.    The Debtor and its creditors will be unjustly enriched unless the Debtor turns over to Participants the Loan Proceeds to which Participants are entitled under the terms of the Participation Agreements.

101.    Participants are entitled to the imposition of a constructive trust on their respective shares of the Loan Proceeds, and Debtor should be enjoined and restrained from transferring, encumbering, assigning, or otherwise disposing of the Loan Proceeds until such time as Participants have received the proceeds to which they are entitled.

## PRAYER FOR RELIEF

WHEREFORE, Participants demand the following relief:

A.    Dismissal of Debtor's claims with prejudice;

B.    On Participants' First Counterclaim, a judgment declaring that the Disputed Collateral, and all products, proceeds and revenue derived therefrom, are not property of the estate, that the Participation Interests are true participation interests and the Participants hold and own the Participation Interests free and clear of any lien, claim or other interest.

C.    On Participants' Second Counterclaim, an order directing Debtor to disburse to Participants proceeds the amount of $1,000,000 to Schellhardt and $480,000 to Baker;

D.    On Participants' Third Counterclaim, an order directing Debtor to provide Participants with a full accounting with respect to each of the Participation Interests and the Loan Proceeds;

E.    On Participants' Fourth Counterclaim, an order imposing a constructive trust on the Loan Proceeds and enjoining and restraining the Debtor from transferring, encumbering, assigning, or otherwise disposing of any of the Loan Proceeds until such time as Participants have received the Loan Proceeds to which they are entitled;

F.    Participants' costs of suit, including reasonable attorney fees;

G.    Such other relief as the Court may deem just and proper.

-11-

-12-

Dated: New York, New York
      July 29, 2013

PERKINS COIE LLP
Attorneys for
David Schellhardt and Robert Baker


By:*/s/ Schuyler G. Carroll*
    Schuyler G. Carroll
30 Rockefeller Center, 22nd Floor
New York, NY  10112-0085
Tel: 212.262.6900
Fax: 212.977.1649
SCarroll@perkinscoie.com

-12-

110018-0001/LEGAL27412771.3